IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, ET AL., | ) | SUPPLEMENTAL MOTION FOR |
| | ) | RECONSIDERATION OF DEFENDANT |
| Defendants. | ) | CHRISTOPHER BONGIORNO'S |
| | ) | MOTION TO SEVER |

The United States of America, by and through undersigned counsel, respectfully submits this supplemental motion for the Court to reconsider its Order (R. 327) trifurcating the case before the same jury. Defendant Paul Spivak argues that the Court should bifurcate Counts 1 and 2. He claims that trying them together prejudices his entrapment defense and raises the risk of the jury hearing criminal propensity evidence. Because (1) Spivak's concern about his predisposition evidence does not establish the prejudice that mandates bifurcation and (2) forcing the parties to try the Counts separately on that basis necessarily means the Court would prematurely decide evidentiary issues, the Court should not bifurcate Count 1 and 2 on Spivak's account.

I.  **BACKGROUND**

The United States submitted its Motion for Reconsideration of Defendant Christopher Bongiorno's Motion to Sever on July 1. (*See* R. 339, PageID 3309-13). In that Motion, the government noted how Spivak had not moved to bifurcate the trial of Count 1 and its substantive Counts from Count 2 and its substantive Counts. (*Id.* at PageID 3312).[1] Rather, he had insinuated

---

[1] For easier reference, the brief will discuss the conspiracy counts and their associated substantive counts as Count 1 and 2, unless otherwise specified.

at oral argument that he would join the other Defendants' motions because his entrapment defense would be prejudiced by trying Counts 1 and 2 together. (*Id.*; *see also* R. 319: Apr. 25, 2024 Mot. Hr'g Tr., PageID 3133-35). He raised concerns about how the government would use his predisposition to commit the scheme charged in Count 1 to convict him of Count 2. (*See* R. 319: Apr. 25, 2024 Mot. Hr'g Tr., PageID 3133-35). The government stated that if the Court's decision to bifurcate was based on that argument, the government wanted an opportunity to brief the issue and respond. (R. 339: Motion for Reconsideration of Defendant Christopher Bongiorno's Motion to Sever, PageID 3312).

The Court held a status conference on July 8. (*See* R. 345: Minutes and Order, PageID 3380-82). At the conference, the Court stated it would allow counsel to submit further briefing regarding the government's Motion for Reconsideration. Relatedly, after the status conference, Bongiorno withdrew his motion requesting a continuance or severance. (R. 348: Notice of Withdrawal of Motion for Continuance or Severance).

The United States now submits this supplemental brief, urging the Court not to bifurcate trial of Counts 1 and 2 and instead sever Bongiorno.

## II. ARGUMENT

### A. Spivak's concern about predisposition evidence does not establish the prejudice that mandates bifurcation.

Spivak has not established prejudice that would require the Court to bifurcate Counts 1 and 2. Spivak appears concerned that, in rebutting his affirmative defense of entrapment on Count 2, the government will raise evidence from Count 1 of Spivak's criminal predisposition. This is not a cognizable basis to bifurcate the Counts. Spivak's arguments cannot, therefore, serve as a basis for this Court to bifurcate trial of Counts 1 and 2.

Under Rule 14(a), a court "may" order separate trials of counts or sever the defendants' trials if consolidating the case for trial appears to prejudice a defendant. Fed. R. Crim. P. 14(a). To qualify for this exception, a defendant must satisfy a "heavy burden" of making "a strong showing of factually specific and compelling prejudice[.]" *United States v. Moore*, 917 F.2d 215, 221 (6th Cir. 1990). This requires "compelling, specific, and actual prejudice." *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005); *see also United States v. Tocco*, 200 F.3d 401, 413 (6th Cir. 2000) (requiring "specific and compelling prejudice").

Spivak's apprehension appears to center around potential criminal propensity prejudice. The concern is that "when two or more crimes are tried together, and the evidence of one is greater than that of the other, the jury may infer that because the defendant appears to have committed at least one of the crimes, he has a propensity to commit crimes of the nature charged." *United States v. Burkley*, 591 F.2d 903, 919 (D.C. Cir. 1978). The fear is that the jury treats this assumed criminal disposition as evidence that the defendant committed the other crime with which he is charged. (*Id.*).

The Federal Rules of Evidence, specifically Rule 404, address this issue. Under Rule 404(b)(1), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." Despite this general rule, under Rule 404(b)(2), evidence of other crimes is admissible when introduced not to show criminal disposition, but rather "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Even when admissible, Rule 403 still shields a defendant from having this evidence presented if the danger of criminal propensity prejudice substantially outweighs its probative value. *See* Fed. R. Evid. 403.

These evidence rules anticipate ways to handle criminal propensity evidence. When Counts can be tried together under Federal Rule of Criminal Procedure 8(a), but a defendant moves for separate trials under Rule 14 because of criminal propensity prejudice, "the trial court should initially be guided by whether evidence of each crime could be admitted in a separate trial of the other(s) under Federal Rules of Evidence 403 and 404(b)." *Burkley*, 591 F.2d at 920. If the answer is yes, and there is no other prejudice to either side from consolidation, "the consolidation may go forward." *Id.*

During oral argument, the Court noted that raising an entrapment defense would be "dicey" for Spivak because it would "open the door to all sorts of evidence that otherwise would not come in, either strictly under the Rules or simply on a 403 analysis." (R. 319, PageID 3078). While that is true as it concerns evidence offered to prove predisposition, there is a lot of probative evidence for Count 1 arising out of the events alleged as part of Count 2 and the obstruction counts that is admissible under Rule 404(b). As discussed below, these issues are better decided when parties brief motions *in limine*.

But regardless, Spivak cannot raise an entrapment defense and simultaneously claim that criminal propensity prejudice requires bifurcation. If Spivak raises an entrapment defense to Count 2, the government would need to prove beyond a reasonable doubt that Spivak was predisposed to commit offenses of the nature charged. *Burkley*, 591 F.2d at 921. Evidence of Spivak committing the conspiracy charged in Count 1 would, therefore, be admissible under Rule 404(b) to prove Spivak's predisposition; his predisposition would, in effect, become an essential element of proving Count 2. *See id.* After raising an entrapment defense, Spivak "cannot claim he is prejudiced by evidence indicating that at the relevant time he had a propensity to commit crimes such as those he is accused of committing." *See id.* at 922.

4

Because Spivak's only basis for seeking bifurcation fails, this Court should not bifurcate Counts 1 and 2 on his account.

### B. By forcing the parties to try Counts 1 and 2 separately, the Court necessarily prematurely decided potential evidentiary issues.

Bifurcating Counts 1 and 2 based on Spivak's concerns about criminal propensity evidence puts the metaphorical cart before the horse. If Spivak raised an entrapment defense at trial, the government would seek to introduce evidence regarding Spivak's criminal propensity under Rule 404(b). Bifurcating trial of Counts 1 and 2 before the same jury does not ameliorate any prejudice that could arise both counts being tried at the same time—the stated purpose for bifurcation. However, it does prejudice the government's ability to present its case effectively as it would necessarily exclude evidence during the Count 1 phase of the trial. The Court would prematurely exclude entire categories of evidence regarding Count 2 and the obstruction charges without considering the evidence the government would offer. The government plans to offer evidence from recorded calls and meetings that occur after the events of Count 1 as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, lack of accident, and other permissible purposes. To give effect to the stated goal of the bifurcation of the counts, the Court would rule *in limine* without consideration of the evidence to be offered.

The government has previewed a few examples of statements made by Spivak that would be offered as proof of the elements of Count 1. (*See* R. 303, PageID 2833; R. 319, PageID 3097-98, 3103, 3138). As preparation for trial continues, especially now that the government has received some reciprocal discovery, additional statements or conduct the government intends to use will be identified and noticed pursuant to Rule 404(b)(3).

5

### III. <u>CONCLUSION</u>

This Court should not bifurcate Counts 1 and 2, especially not on Spivak's account. Spivak cannot both raise an entrapment defense while also claiming that prejudice from criminal propensity evidence mandates bifurcation. Plus, bifurcating Counts 1 and 2 on that basis necessarily requires the Court to rule *in limine* that that evidence is inadmissible without ever seeing it. For both or either of these reasons, the Court should not bifurcate Counts 1 and 2.

    Respectfully submitted,

    REBECCA C. LUTZKO
    United States Attorney

By:   /s/ Alejandro A. Abreu
      Alejandro A. Abreu (OH: 0089477)
      Assistant United States Attorney
      United States Court House
      801 West Superior Avenue, Suite 400
      Cleveland, OH 44113
      (216) 622-3620
      (216) 522-2403 (facsimile)
      Alejandro.A.Abreu@usdoj.gov